Rowe, J.
This is a rear end collision ease brought by the plaintiff Griffin operating the automobile, against the defendant Inge operating the leading automobile. The case is a companion case of Inge v. Griffin decided by us this day. The trial judge found for the defendant Inge and the plaintiff Griffin claims to be aggrieved by the denial of his six requests for rulings. The first two of these requests read as follows:
“ (1) The evidence would warrant the court in finding that the defendant was negligent. (2) The evidence would warrant the court in finding that the plaintiff was in the exercise of due care.”
From the evidence in behalf of the plaintiff it could have been found that he was operating an automobile on the right *53 side of the road, that as he approached an intersecting street he noticed the traffic light was not working, that when he was within 100 feet of the intersection, the defendant’s car going in the same direction passed him and “pulled directly in front of his car,” that there was no other traffic, that the defendant’s car without warning or apparent reason came to “a sudden stop”, causing the plaintiff’s car to strike the defendant’s car although the plaintiff applied his brakes.
From the evidence in behalf of the defendant it could have been found that after overtaking and passing the plaintiff’s car the defendant turned onto the right side of the road, that as he approached the intersection he mistakenly thought that the traffic light at the intersection was showing red and “brought his car to the usual stop”, that the traffic light in reality was not in operation and that the reason that he thought it was showing red was because of the sun shining on the red light and this caused him to think that the traffic light was against him and that he gave no signal of any intention, that within a few seconds after stopping his car it was struck in the rear by the car operated by the plaintiff.
On this conflicting evidence the question of the negligence of the respective operators was an issue of fact. Dodge v. Town Taxi, 281 Mass. 77.
There was error in the denial of the plaintiff’s requests Nos. 1 and 2.
The defendant as a second line of defense contends, in effect, that if there was error in regard to requests Nos. 1 and 2, then that by reason of a statement by the court with reference to requests Nos. 4-6 inclusive the error was rendered non prejudicial.
Requests Nos. 4-6 inclusive recite several subordinate facts and ask rulings as to the effect of negligence or due care when applied to these facts.
*54 The trial judge in finding for the defendant filed the following : “The plaintiff’s requests are denied. The statement of facts in the 4th, 5th and 6th are not in accordance with my findings. ’ ’ But the judge filed no finding of fact.
The facts stated in the requests need not be here repeated in detail. They stated some facts which are in accordance with the plaintiff’s contention, some which were uncontroverted and some by which the defendant was bound by his own testimony, as well as some which were in accordance with the defendant’s evidence.
The quoted statement of the judge should not be construed as referring to all the facts stated in the requests since any fact by which the defendant was bound became an established fact against him and for the judge to say that he did not find such fact would be manifest error.
If the quoted statement of the judge referred only to those statements of fact in the requests by which the defendant was not bound, there is nothing to show as to what facts the statement of the judge did refer to. There was not that clear line of demarkation between law and fact which is required by the leading case of Hetherington v. Firth, 210 Mass. 8.
Further, the denial of these requests by reason of what the judge did not find as facts without stating what facts he did find is not a compliance with rule 27 of Buies of District Courts which provides that “whenever any request for ruling founded upon evidence shall be refused because . . . the facts recited in the requests are not found, the court shall state the facts found, or the facts recited upon which such refusal is based unless the same appears from special findings filed. ’ ’
The denial of requests No. 1 and 2 was not cured by the statement of the judge relatively to requests Nos. 4-6 inclusive.
*55 There was prejudicial error in the denial of plaintiff’s requests No. 1 and 2. The plaintiff is entitled to a new trial. So Ordered.